# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:15-CV-1024 CAS ) |
| KAREN DEFINE MUDD, STACY MUDD, ALEX MUDD, and AUSTIN MUDD, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER OF DISMISSAL**

This matter is before the Court on the parties' Joint Consent Motion for Adoption of the Parties' Allocation of Policy Proceeds. Also before the Court is plaintiff The Prudential Insurance Company of America's ("Prudential") Motion for Interpleader Relief.

The above-captioned case is an interpleader action filed pursuant to 28 U.S.C. § 1335. On June 30, 2015, Prudential filed this interpleader action asking the Court to determine which of the defendants are entitled to receive certain life insurance proceeds in the amount of $300,000, plus accrued claim interest, due as a consequence of the death of Michael J. Mudd (the "Insured"), under a group life insurance bearing policy number GO-14273 issued by Prudential to The American Institute of Certified Public Accountants Insurance Trust (the "Group Policy"). Named as defendants are Karen Define Mudd, Stacy Mudd, Alex Mudd, and Austin Mudd. Service was achieved on all defendants, and answers were timely filed by all defendants.

On December 17, 2015, Defendant Karen Mudd filed a Crossclaim for a Declaratory Judgment against Stacy Mudd, Alex Mudd, and Austin Mudd asking the Court to determine which of the defendants are entitled to receive the life insurance proceeds at issue.

On January 4, 2016, Prudential deposited $301,564.85 (the "Death Benefit"), consisting of the total death benefit amount payable under the Group Policy as a result of the Insured's death, plus all applicable claim interest, into the registry of the Court.

On January 14, 2016, Prudential filed a motion for interpleader relief. Prudential asserts in its motion that by having deposited the Death Benefit into the Court's registry, it has satisfied the requirements of statutory interpleader and, therefore, it is appropriate to discharge Prudential from any and all liability to the defendants with regard to the Group Policy or Death Benefit. Prudential also asserts in its motion that it reserves the right to file a motion for the reimbursement of costs and reasonable attorneys' fees, but states that "[i]n the event this matter proceeds unopposed, Prudential does not intend to file an application for reimbursement of its attorneys' fees." (Doc. 28 at 9. n.2.)

On March 14, 2016, Karen Define Mudd, Alex Mudd, Austin Mudd, Stacy Mudd, and Prudential filed a Joint Consent Motion for Adoption of the Parties' Allocation of Policy Proceeds asking this Court to order the Clerk of Court to disburse the Death Benefit in accordance with their proposed order, which would fully resolve all pending matters in the lawsuit.

On March 14, 2016, as part of the Joint Consent Motion for Adoption of the Parties' Allocation of Policy Proceeds, Stacy Mudd forfeited, waived, released, and forever relinquished her right to the Death Benefit, in whole or part.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff The Prudential Insurance Company of America's Motion for Interpleader Relief is **GRANTED**. [Doc. 28]

2

**IT IS FURTHER ORDERED** that The Prudential Insurance Company of America is a mere stakeholder of the Death Benefit and The Prudential Insurance Company of America is hereby discharged from all liability related to the Death Benefit.

**IT IS FURTHER ORDERED** that defendants Karen Define Mudd, Alex Mudd, Austin Mudd, Stacy Mudd and plaintiff The Prudential Insurance Company of America's Joint Consent Motion for Adoption of the Parties' Allocation of Policy Proceeds is **GRANTED**. [Doc. 34]

**IT IS FURTHER ORDERED** that the balance of the interpleaded funds shall be awarded, in equal parts and with any accrued interest, after deduction of the applicable administrative fee, to defendants Karen Define Mudd, Alex Mudd, and Austin Mudd.

**IT IS FURTHER ORDERED** that defendants Karen Define Mudd, Alex Mudd, and Austin Mudd shall file with the Court, pursuant to Local Rule 13.04(D)(2), a proposed order for disbursement of the Death Benefit. The proposed order shall comply with Rule 13.04(D)(2) and must contain (a) the principal sum initially deposited; (b) the amount or amounts of principal to be disbursed; (c) the percentage of accrued interest payable with each principal amount, after the Clerk deducts from the total accrued interest the applicable administrative fee pursuant to the General Order of January 10, 1991; (d) to whom exactly each disbursement check should be made payable; (e) full mailing instructions for each disbursement check, including full street address and zip code; and (f) the social security number or tax ID number of each recipient of accrued interest, and known attorney fees, which must be provided to the Finance Department of the Clerk's Office on a completed and signed I.R.S. Form W-9. A copy of I.R.S. Form W-9 is available on the Court's website.

**IT IS FURTHER ORDERED** that plaintiff The Prudential Insurance Company of America is fully released and discharged from any and all liability to Karen Define Mudd, Stacy Mudd, Alex Mudd, and Austin Mudd with regard to the Group Policy and/or the Death Benefit payable thereunder, and Karen Define Mudd, Stacy Mudd, Alex Mudd, and Austin Mudd are hereby permanently enjoined from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum, arising out of or in connection with The Prudential Insurance Company of America relating to the Group Policy and/or the Death Benefit.

**IT IS FURTHER ORDERED** that all claims, rights, interests and actions that Karen Define Mudd, Stacy Mudd, Alex Mudd, and Austin Mudd might otherwise have held against The Prudential Insurance Company of America and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, with respect to the Group Policy and/or the Death Benefit, are hereby released.

**IT IS FINALLY ORDERED** that this action is **DISMISSED** with prejudice.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of April, 2016.